IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LA'VANCE LEMARR COOPER,<br><br>Defendant. | No. 23-CR-2040-CJW-MAR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*I.    INTRODUCTION*

This matter is before the Court on defendant's Motion to Dismiss the Indictment. (Doc. 27). The government filed a timely resistance. (Doc. 29). On September 28, 2023, the Court held a non-evidentiary hearing on this motion. (Doc. 33). For the following reasons, the Court **denies** defendant's motion to dismiss the Indictment as facially unconstitutional. The Court **holds in abeyance** defendant's as-applied challenges until trial.

*II.    RELEVANT BACKGROUND*

On June 28, 2023, a grand jury indicted defendant in a two-count Indictment charging him with two counts of possession of a firearm by a drug user in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(8). (Doc. 3). Count 1 of the Indictment alleges that on or about September 22, 2022, defendant, knowing he was an unlawful user of marijuana, knowingly possessed firearms, specifically a Glock 20, 10mm Auto caliber pistol, in and affecting commerce. (*Id.*). Count 2 alleges that on or about April 3, 2023, defendant, knowing he was an unlawful user of marijuana, knowingly possessed firearms, specifically a Glock 22 Gen 5, .40 S&W caliber pistol, in and affecting commerce. (*Id.*).

### III. DISCUSSION

Defendant argues the Court should dismiss the Indictment based on two separate constitutional arguments. (Doc. 27-1). First, defendant asserts 922(g)(3) is inconsistent with this Nation's historical tradition of firearm regulation, as required by *Bruen*. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.*, at 5). Second, defendant argues Section 922(g)(3) is unconstitutionally vague on its face and as-applied, and thus, violates the Due Process Clause of the Fifth Amendment. (*Id.*, at 10-15).

The Court finds that Section 922(g)(3) does not violate the Second Amendment on its face and therefore denies defendant's motion to dismiss. In arriving at this conclusion, the Court first finds that Section 922(g)(3) implicates conduct protected by the Second Amendment. Second, the Court concludes that Section 922(g)(3) is consistent with this Nation's traditional regulation of possession of firearms by criminals. In addition, the Court finds Section 922(g)(3) is not unconstitutionally vague on its faces and therefore denies the motion to dismiss on that ground.

#### A. Post-*Bruen* Facial Challenge

Defendant asserts Section 922(g)(3) violates the Second Amendment right to bear arms. (Doc. 27-1). Among other things, defendant argues that the Second Amendment's plain text covers conduct regulated in Section 922(g)(3). (*Id.*, at 5). Second, defendant asserts the government cannot and has not met its burden to show that the regulation of the conduct in the statute—possession of a firearm by an unlawful drug user—is consistent with this Nation's historical tradition of firearm regulation as required in *Bruen*. (*Id.*, at 5-9). For the reasons that follow, the Court denies the motion to dismiss on this ground.

##### 1. *Implication of the Second Amendment*

The Second Amendment to the United States Constitution provides "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. Title 18, United States Code, Section 922(g), however, provides that "[i]t shall be unlawful for any person

2

. . . (3) who is an unlawful user of or addicted to any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition . . ..".  The question here is whether Section 922(g)(3) unconstitutionally infringes upon defendant's right to keep and bear arms guaranteed to persons under the Second Amendment.

In *Bruen*, the United States Supreme Court explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  142 S. Ct. at 2129-30.  Only after the government makes that showing "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command."  *Id.* at 2130 (internal quotation marks and further citation omitted).  In *Bruen*, the Supreme Court held unconstitutional a State of New York's penal code provision making it a crime to possess a firearm outside the home without a license, when licensing required applicants to satisfy a "proper cause" for possessing a firearm by "demonstrat[ing] a special need for self-protection distinguishable from that of the general community."  142 S. Ct. at 2123 (further citation omitted).  The Supreme Court determined that all lower courts had erred in applying means-end scrutiny of statutes regulating firearms, finding that statutes regulating conduct protected by the Second Amendment are presumptively unconstitutional unless the government can show that "it is consistent with the Nation's historical tradition of firearm regulation."  *Id.* at 2129-30.  Because the State of New York only issued public-carry licenses when an applicant demonstrated a special need for self-defense, the *Bruen* Court found "the State's licensing regime violates the Constitution."  *Id.* at 2122.  "*Bruen* transformed and left uncharted much of the legal landscape" of Second Amendment jurisprudence.  *United States v. Charles*, 22-CR-00154-DC, 2022 WL 4913900, at *1 (W.D. Tex. Oct. 3, 2022).

Under *Bruen*, the threshold question a court must address is whether the statute in question regulates conduct protected by the Second Amendment.  Here, Section 922(g)(3)

3

criminalizes possession of a firearm, which is conduct expressly protected by the Second Amendment. The text of the Second Amendment does not qualify who may possess firearms, but rather uses the word "people." Thus, as a textual matter, the plain reading of the Second Amendment covers defendant who is a person under the Constitution. *See United States v. Perez-Gallan*, 22-CR-00427-DC, 2022 WL 16858516, at *8-9 (W.D. Tex. Nov. 10, 2022) (finding the Second Amendment applies to members of the political community and is not limited to law-abiding citizens). Thus, the Court answers the threshold question in the affirmative.

### 2. Section 922(g)(3) is Consistent with the Nation's Tradition of Firearm Regulation

Having found that Section 922(g)(3) implicates conduct protected by the Second Amendment, the next question is whether it is consistent with the Nation's historical tradition of firearm regulation. The second prong of *Bruen* requires the Court to determine "if there is a history and tradition of keeping guns from those engaged in criminal conduct"; if so, then the law is constitutional "whether the Second Amendment right belongs to all Americans or just to ordinary, law-abiding citizens." *Fried v. Garland*, Case No. 4:22-cv-164-AW-MAF, 2022 WL 16731233, at *5 (N.D. Fla. Nov. 4, 2022) (quoting *Heller*, 554 U.S. at 581; *Bruen*, 142 S. Ct. at 2122) (internal quotation marks and citations omitted). This Court has found several times that Section 922(g)(3) is constitutional. *See United States v. Garcia*, Case No. 23-CR-2018-CJW-MAR, at Doc. 25; *United States v. Springer*, Case No. 23-CR-1013-CJW-MAR, at Doc. 44; *United States v. Wuchter*, Case No. 23-CR-2024-CJW-MAR, at Doc. 33; *United States v. Ledvina*, Case No. 23-CR-36-CJW-MAR; *United States v. Grubb*, Case No. 23-CR-1014-CJW-MAR, at Doc. 29. The Court makes the same finding here for the same reasons, which it will repeat here.

The Supreme Court's holding in *Bruen* did not overturn *District of Columbia v. Heller*, in which the Court recognized the importance of "the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" 554 U.S. 570, 627 (2008)

4

(citations omitted). In fact, the *Bruen* Court expressly stated that its opinion was "consistent with *Heller* and *McDonald* [*v. City of Chicago*, 561 U.S. 742 (2010)]." 142 S. Ct at 2122. As in *Heller* and *McDonald*, the issue in *Bruen* concerned "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133. The *Bruen* Court noted that it was undisputed that the petitioners were "two ordinary, law-abiding, adult citizens" who are "part of 'the people' whom the Second Amendment protects." *Id.* at 2134. In the first paragraph of the *Bruen* opinion, the Court framed the issue as follows:

> In *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

*Id.* at 2122 (parallel citations omitted). In the concluding paragraph of the majority opinion, the Court repeated that the right to bear and keep arms belonged to "law-abiding citizens with ordinary self-defense needs." *Id.* at 2156.

Thus, it is abundantly clear that the *Bruen* Court did not disturb the conclusions in *Heller* and *McDonald* in which the Justices made it plain that it left undisturbed government regulations prohibiting felons from possessing firearms. *Id.* at 2162 (Kavanaugh, J., concurring). It follows that, since *Bruen*, lower courts have consistently held as constitutional Section 922(g)(1) which makes it an offense for felons to possess firearms. *See United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457, at *8 (S.D. W.Va. Oct. 12, 2022) (collecting cases). The broader question the Supreme Court left open is the extent to which statutes prohibiting other categories of people from possessing firearms is supported by the historic regulation of firearm possession.

5

In *Heller*, the Supreme Court emphasized that despite its holding that the Second Amendment conferred an individual right to bear arms, it was not undertaking "an exhaustive historical analysis . . . of the full scope of the Second Amendment, [and that] nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller*, 554 U.S. at 626-27. The *Heller* Court explained: "We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." 554 U.S. at 627 n.26. Later, in *McDonald*, 561 U.S. at 785-87, the Supreme Court reaffirmed the sentiment that *Heller* was not meant to create doubt about the regulations that prohibited firearm possession by certain groups of people or in certain places.

After *Heller*, but prior to *Bruen*, the Eighth Circuit Court of Appeals held that Section 922(g)(3) was a lawful exception to the Second Amendment—an exception consistent with the historical understanding of the amendment's protections. In *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010), the Eighth Circuit rejected a facial constitutional challenge to Section 922(g)(3). The Eighth Circuit explained:

> Nothing in Seay's argument convinces us that we should depart company from every other court to examine § 922(g)(3) following *Heller*. Further, § 922(g)(3) has the same historical pedigree as other portions of § 922(g) which are repeatedly upheld by numerous courts since *Heller*. See Gun Control Act of 1968, Pub. L. No. 90-618, 82 Stat. 1213. Moreover, in passing § 922(g)(3), Congress expressed its intention to "keep firearms out of the possession of drug abusers, a dangerous class of individuals." *United States v. Cheeseman*, 600 F.3d 270, 280 (3d Cir. 2010), *pet. for cert. filed*, 78 U.S.L.W. 3731 (U.S. June 1, 2010) (No. 09-1470). As such, we find that § 922(g)(3) is the type of 'longstanding prohibition[ ] on the possession of firearms' that *Heller* declared presumptively lawful. *See* 128 S. Ct. at 2816–17. Accordingly, we reject Seay's facial challenge to § 922(g)(1).

*Id.* (alteration in original).

The *Seay* Court did not conduct the type of historic analysis the Supreme Court contemplated in *Bruen*. Still, the Court does not find persuasive defendant's argument. (Doc. 39-1, at 2 (citing *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023)). As the Honorable Stephen H. Locher, United States District Court Judge for the Southern District of Iowa, reasoned:

> All the same, nothing in *Bruen* expressly repudiates the holding of *Seay*. To the contrary, in a concurring opinion in *Bruen*, Justice Kavanaugh (joined by Chief Justice Roberts) reiterated the earlier admonitions of Justices Scalia (in *Heller*) and Alito (in *McDonald*) that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . ." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring (quoting *Heller*, 554 U.S. at 626, 128 S.Ct. 2783)). As *Seay* relied heavily on the same "longstanding prohibition" language in affirming the facial constitutionality of § 922(g)(3), *see* 620 F.3d at 925, it is difficult for this Court to conclude *Seay* is no longer good law. Instead, the proper course is to treat *Seay* as binding and "leav[e] to [the Eighth Circuit] the prerogative of overruling its own decisions." *United States v. Coonce*, 932 F.3d 623, 641 (8th Cir. 2019) (quoting *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)); *see also United States v. Wendt*, --- F. Supp. 3d ----, ----, 2023 WL 166461, at *5 (S.D. Iowa Jan. 11, 2023) (declining to interpret *Bruen* as having invalidated firearm restrictions under the Bail Reform Act absent "much clearer guidance from higher courts").

*United States v. Le*, No. 4:23-cr-00014-SHL-HCA, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023).

Here, the Court agrees with Judge Locher's reasoning. Absent the Eighth Circuit itself finding that *Bruen* overturned its holding in *Seay*, this Court must treat *Seay* as binding precedent. For that reason, the Court would deny defendant's motion to dismiss on the ground that Section 922(g)(3) violates the Second Amendment. *See also Gilpin v. United States*, Civil No. 22-04158-CV-C-RK-P, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (rejecting a post-*Bruen* challenge to Section 922(g)(3), finding that *Bruen* did not overturn binding precedent in *Seay*).

Regardless, even if the Court did not find *Seay* binding, under the more robust historic analysis demanded by *Bruen*, the Court is persuaded that Section 922(g)(3) withstands a constitutional attack. In *United States v. Bena*, 664 F.3d 1180, 1183-84 (8th Cir. 2011), the Eighth Circuit conducted a more thorough historic analysis of the regulation of firearms as it relates to dangerous people during the Founding era in rejecting a constitutional challenge to Section 922(g)(8), which criminalizes firearm possession by persons subject to a court order of protection for domestic abuse. There, the Eighth Circuit concluded there was "a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183. Further, as Justice Barrett, who was then sitting as a judge on the Seventh Circuit Court of Appeals, noted, there is ample evidence from the Founding era that firearms were restricted from those who were deemed dangerous to society. *See Kanter v. Barr*, 919 F.3d 437, 464 (7th Cir. 2019) (Barrett, J., dissenting) ("The historical evidence does, however, support a different proposition: that the legislature may disarm those who have demonstrated a proclivity for violence or whose possession of guns would otherwise threaten the public safety. This is a category simultaneously broader and narrower than 'felons'—it includes dangerous people who have not been convicted of felonies but not felons lacking indicia of dangerousness."). Congress considered drug abusers to be a "dangerous class of individuals." *Seay*, 620 F.3d at 925. Congress made it illegal for unlawful drug users to possess firearms for the common sense and obvious reason that someone using illegal drugs, in possession of a firearm, poses a real danger to the community. *See United States v. Yancey*, 621 F.3d 681, 685 (7th Cir. 2010) ("[H]abitual drug abusers, like the mentally ill, are more likely to have difficulty exercising self-control, making it dangerous for them to possess deadly firearms."). It follows, then, that barring unlawful drug users who pose a danger to society is consistent with the history of firearm regulation at the time the Second Amendment was adopted.

This Court is not alone in reaching the conclusion that Section 922(g)(3) does not violate the Second Amendment. Numerous other district courts have reaffirmed the conclusion that Section 922(g)(3) is constitutional after *Bruen*. *See, e.g.*, *United States v. Walker*, 8:22-CR-291, 2023 WL 3932224, at *5 (D. Neb. June 9, 2023) (rejecting post-*Bruen* challenge to Section 922(g)(3), finding the *Seay* case controlling); *Le*, 2023 WL 3016297, at *5 (rejecting a post-*Bruen* constitutional challenge to Section 922(g)(3)); *United States v. Posey*, Case No. 2:22-CR-83 JD, 2023 WL 1869095, at *9-10 (N.D. Ind. Feb. 9, 2023) (denying as applied and facial post-*Bruen* challenge to Section 922(g)(3)); *United States v. Lewis*, Case No. CR-22-368-F, Case No. CR-22-395-F, 2023 WL 187582, at *4 (W.D. Okla. Jan. 13, 2023) (rejecting a post-*Bruen* constitutional challenge to Section 922(g)(3)); *United States v. Sanchez*, W-21-CR-00213-ADA, 2022 WL 17815116, at *3 (W.D. Tex. Dec. 19, 2022) (holding that Section 922(g)(3) is "consistent with this Nation's historical tradition of firearm regulation"); *Fried*, 2022 WL 16731233, at *7 ("At bottom, the historical tradition of keeping guns from those the government fairly views as dangerous—like alcoholics and the mentally ill—is sufficiently analogous to modern laws keeping guns from habitual users of controlled substances . . . . The challenged laws are consistent with the history and tradition of this Nations' [sic] firearm regulation."); *United States v. Seiwert*, Case No. 20 CR 443, 2022 WL 4534605, at *2 (N.D. Ill. Sept. 28, 2022) (holding that Section "922(g)(3) is relevantly similar to regulations aimed at preventing dangerous or untrustworthy persons from possessing and using firearms, such as individuals convicted of felonies or suffering from mental illness"); *United States v. Daniels*, 610 F.Supp.3d 892, 897 (S.D. Miss. 2022) (finding Section 922(g)(3) constitutional after determining that "analogous statutes which purport to disarm persons considered a risk to society—whether felons or alcoholics—were known to the American legal tradition").

True, some other district courts have found Section 922(g)(3) violates the Second Amendment. *See, e.g.*, *United States v. Connelly*, Cause No. EP-22-CR-229(2)-KC,

9

2023 WL 2806324, at *12 (W.D. Tex. Apr. 6, 2023); *United States v. Harrison*, Case No. CR-22-00328-PRW, 2023 WL 1771138, at *24 (W.D. Okla. Feb. 3, 2023).[1] The Court has reviewed these non-binding decisions and, with respect, simply disagrees with the narrow view these courts took of the historic precedent of regulating firearm possession by dangerous and unlawful citizenry. The Court is persuaded that Section 922(g)(3) is a constitutional restriction consistent with historical tradition.

Thus, the Court denies defendant's motion to dismiss, finding Section 922(g)(3) does not violate the Second Amendment on its face.

### B. Post-Bruen *As Applied Challenge*

Defendant also challenges Section 922(g)(3) as unconstitutional as-applied to him—a marijuana user—and requested an evidentiary hearing, citing no authority for such a hearing. (Doc. 27). As discussed at the non-evidentiary hearing, an as-applied challenge is premature at this point and will remain premature absent a bench or jury trial. (Doc. 33). *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016) (stating a district court cannot adjudicate an as-applied challenge without first resolving factual issues related to the alleged offense, and thus, must wait to do so until trial).

The Court notes there is no summary judgment procedure in federal criminal cases. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996); *United States v. Viskup*, No. 1:12–CR–263–ODE–JFK, 2013 WL 6858906, at *9 (N.D. Ga. Dec. 30, 2013); *United States v. Williams*, No. 1:10–CR–150–TCB–AJB, 2010 WL 3488131, at *3 (N.D.Ga. Aug. 2, 2010). Although Rule 12 allows a defendant to move to dismiss

---

[1] The Fifth Circuit Court of Appeals recently held Section 922(g)(3) unconstitutional in *United States v. Daniels*, Case No. 1:22-CR-58-1, 2023 U.S. App. LEXIS 20870 (5th Cir. Aug. 9, 2023). This decision is not only not binding on this Court, but the Court also respectfully disagrees with that court's reasoning and treatment of analogues in that case. This narrow reading and demand for near perfect analogues—despite acknowledging *Bruen*'s pronouncement analogues need not be perfect—is too severe and places too great an emphasis on the specific controlled substance Daniels used—marijuana—when Section 922(g)(3) regulates unlawful users and addicts of any controlled substance, not specific controlled substances. 18 U.S.C. § 922(g)(3).

10

an indictment prior to trial on the basis of improper venue, it requires that "the motion can be determined without a trial on the merits." The sufficiency of a criminal indictment is determined from its face. *See Jensen*, 93 F.3d at 669; *Williams*, 2010 WL 3488131, at *3. The allegations of the indictment must be taken as true. *See United States v. Razo*, No. 1:11–CR–00184–JAW, 2012 WL 5874667, at *5 (D. Me. Nov. 20, 2012); *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir 1997). "If there is a facially sufficient indictment, the Court cannot make venue determinations based on extrinsic evidence in deciding a pre-trial motion . . . . This is particularly true where, as here, the Defendant's factual contentions on venue are interwoven with the evidence in the case itself." *Razo*, 2012 WL 5874667, at *5 (citation omitted).

Here, the law does not support the suggestion that this Court is permitted to hold an evidentiary hearing where the government puts forth the evidence it would present at trial after which defendant would ask the Court to determine the as-applied challenge. There is no authority for such a hearing. It would amount to a form of unauthorized discovery and the equivalent of a summary judgment proceeding. Defendant's remedy lies with trial. If defendant desires to maintain an as-applied challenge to the constitutionality of Section 922(g)(3), then he must await presentation of evidence at trial. Defendant is then free to renew the motion after the complete presentation of evidence at trial. Until that time, the Court must hold in abeyance its ruling on defendant's as-applied challenge.

### C. Facial Vagueness Challenge

Defendant alleges Section 922(g)(3) is unconstitutionally vague because the terms "user" and "addict" are vague. (Doc. 27-1, at 11-15). Defendant suggests that he must know that his conduct made him a user or addict, and it was possible that a person could be confused in determining whether his use was serious enough to qualify as a user covered by the statute. (*Id.*).

11

Until recently, a challenger raising "[a] facial challenge to a legislative Act" was required to "establish that no set of circumstances exists under which the Act would be valid." *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987). But in *Johnson v. United States*, the Supreme Court clarified that a vague criminal statute is not constitutional "merely because there is some conduct that falls within the provision's grasp." 576 U.S. 591, 602 (2015). Then, in *United States v. Bramer*, the Eighth Circuit Court of Appeals further clarified that a challenger raising a facial challenge must "show that the statute is vague as applied to h[er] particular conduct." 832 F.3d 908, 909 (8th Cir. 2016) (finding the defendant, who signed a plea agreement admitting guilt to Section 922(g)(3) violation, could not show vagueness when he argued Section 922(g)(3) was facially unconstitutional based on the allegedly vague terms "unlawful user" and "addicted to").

The cumulative effect of *Johnson* and *Bramer* is somewhat confusing. Reading these decisions together, it is difficult to tell when and why a defendant would argue that a statute is unconstitutional on its face as opposed to unconstitutional as applied to her, specifically. *See United States v. Stupka*, 418 F. Supp. 3d 402, 407 (N.D. Iowa 2019) ("If a defendant is able to show that a law is unconstitutionally vague as applied—as required by *Bramer*—there would be no need for that defendant to show, or a court to decide, that the law is unconstitutional on its face. But if a defendant could not show that the law is unconstitutional as applied, then he or she would always be prohibited from challenging a law as being void for vagueness on its face."). It is also unclear whether the Court should address defendant's facial challenge now. *See id.*, at 408 ("What distinguishes the cases in which a facial challenge is appropriate without regard to an as-applied challenge from those cases in which a defendant may make only an as-applied challenge? If there is a discernible and articulable distinction, on which side does this case fall? If Stupka's facial challenge is appropriate without regard to an as-applied challenge, then *Bramer* is not controlling and the facial challenge should be addressed

12

now. If Stupka must show that the law is unconstitutional as applied, then *Bramer* controls and any facial review must await the results of the pending as-applied challenge.").

Nevertheless, this Court has previously rejected a constitutional challenge to Section 922(g)(3) on grounds of facial vagueness under circumstances similar to those presented here. *See Stupka*, 418 F. Supp. 3d at 412-13 (denying motion to dismiss indictment on Section 922(g)(3) charge as facially unconstitutional); *see also United States v. Gantt*, Case No. 20-cr-2020-CJW, 2020 WL 6821020, at *13-14 (N.D. Iowa, Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 5653983 (N.D. Iowa Sept. 23, 2020) (adopting reasoning in *Stupka* and denying motion to dismiss indictment on Section 922(g)(3) charge as facially unconstitutional).

In *Stupka*, the Court found there were certain situations in which facial challenges were permissible "regardless of whether the law would be found unconstitutional as applied"; specifically, when the law infringes on fundamental rights and when the law lacks sufficiently clear guidelines or is vague in a manner that poses a high risk of arbitrary enforcement. 418 F. Supp. 3d at 411-12. The Court then found the defendant's arguments did not warrant a facial review. First, the Court found Section 922(g)(3) did not infringe upon a fundamental right, because "possession of firearms by certain parties, such as felons, has been found to be outside the Constitution's protections." *Id.* at 412. Second, the Court found the defendant argued the language of Section 922(g)(3) was imprecise, not that its enforcement was arbitrary, and did not attack the statute's process. *Id.* Thus, the Court found a facial challenge was not appropriate in *Stupka*. *Id.* at 413.

The circumstances here are virtually identical to those in *Stupka*. Again, Section 922(g)(3) does not infringe upon a fundamental right, and defendant's argument focuses on allegedly arbitrary language, not process or arbitrary enforcement. (Doc. 27-1, at 11-15). Thus, for the reasons explained in *Stupka*, the Court again rejects a facial challenge to Section 922(g)(3).

13

Thus, the Court denies defendant's motion to dismiss on this ground.

### D. As-Applied Vagueness Challenge

Last, defendant argues Section 922(g)(3) is unconstitutionally vague as applied to him but provides no basis for this claim—only that the parties might be able to stipulate the relevant evidence necessary to adjudicate this claim before trial. (Doc. 27-1, at 15). Defendant acknowledges that his as-applied challenge must await presentation of evidence at trial.[2] (*Id.*). He is correct. *See Turner*, 842 F.3d at 605 (finding an as-applied challenge must await trial); *Stupka*, 418 F. Supp. 3d at 405 (same).

Thus, the Court holds in abeyance its ruling on defendant's motion to dismiss on this ground.

## IV. CONCLUSION

For these reasons, defendant's Motion to Dismiss the Indictment (Doc. 27) is **denied** as to the grounds Section 922(g)(3) is facially unconstitutional under the Second Amendment and that it is unconstitutionally vague. The Court **holds in abeyance** until trial defendant's as-applied challenge that the statute is unconstitutional as-applied to him under both the Second and Fifth Amendments.

**IT IS SO ORDERED** this 29th day of September, 2023.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[2] Defendant also asserts, however, that the parties might reach a stipulation of facts so the Court can address this claim prior to trial. (Doc. 27-1, at 15).