UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>vs.<br>LAVANCE COOPER<br>    Defendant. | No. CR 23-2040<br><br>REQUEST FOR STATUS HEARING<br><br>*** NOT RESISTED *** |

COMES NOW Defendant requests a status hearing. This request is not resisted by the Plaintiff.

The parties submitted briefs regarding how the Court should respond to the Circuit Court's order remanding Cooper's case to district court. The briefs were filed on April 29, 2025. [Briefs, Case Doc. 95 and 96 (4/19/25). Since then, on June 11, 2025, the Solicitor General filed an application for writ of certiorari in the related appellate case. [Pet. For Writ, Case Doc. 97 (6/11/25)]. Meanwhile, post-remand, Mr. Cooper was released from prison and returned to the Northern District of Iowa, but he remains in custody in the Bremer County Jail in Waverly.

1

Counsel understands that Mr. Cooper was slated for transfer from prison to the residential reentry facility in Waterloo, Iowa, later this month, to discharge his prison sentence in that facility prior to commencing supervised release. But because he is no longer in Bureau of Prisons custody that will not happen.

Mr. Cooper requests a status hearing to find out what the Court's current thoughts and intentions are regarding the disposition of his case post remand in light of the Government's application for a writ of certiorari in the appellate case. It seems to the defense that his case will not be ripe for review by the Supreme Court until there is a final order post-remand on his motion to dismiss. And indeed, this was implicitly acknowledged in the Government's petition for a writ of certiorari, page 4, quoted as follows:

> REASONS FOR GRANTING THE PETITION
>
> This case presents the question whether Section 922(g)(3) violates the Second Amendment as applied to respondent. The government recently filed a petition for a writ of certiorari in another case involving an as-applied Second Amendment challenge to the same law, *United States* v. *Hemani* (June 2, 2025). The Court should hold this petition for a writ of certiorari pending the disposition of the petition in *Hemani* and should then dispose of this petition as appropriate.

*Hemani* would be a better vehicle than this case for deciding whether Section 922(g)(3) complies with the Second Amendment. *Hemani* cleanly presents that question; the Fifth Circuit squarely held that Section 922(g)(3) violated the Second Amendment as applied to the defendant in that case. See *United States* v. *Hemani*, No. 24-40137, 2025 WL 354982, at *1 (Jan. 31, 2025). Here, by contrast, the Eighth Circuit vacated the conviction and remanded the case to the district court for further proceedings; it did not definitively resolve respondent's as-applied challenge. App., *infra*, 9a.

WHEREFORE, Mr. Cooper requests a status conference.

Respectfully submitted,

*/s/ Mark Meyer*

MARK C. MEYER AT0005269
103 E. College St., Suite 300
Iowa City, IA 52240
(319) 365-7529
legalmail@markcmeyer.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of this document was served by ☐ mail, ☐ facsimile, ☐ hand-delivery ☒ electronic filing on this 3/25/2025 upon all counsel of record in this case.

*/s/ Mark Meyer*